**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

JULIE THAYER,

      Plaintiff

      V.

RELIANCE STANDARD LIFE INSURANCE COMPANY AND THE YOUNG WOMEN'S CHRISTAIN ASSOCIATION OF BOSTON, INC. LONG TERM DISABILITY PLAN

      Defendant

**<u>COMPLAINT</u>**

1. Plaintiff, Julie Thayer ("Ms. Thayer"), brings this action against the Defendants, Reliance Standard Life Insurance Company ("Reliance"), and the Young Women's Christian Association of Boston, Inc. Long Term Disability Plan ("Plan"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Ms. Thayer is a participant in an ERISA welfare benefit plan insured and administered by Reliance.

2. Ms. Thayer is filing this action to 1) recover long-term disability ("LTD") benefits due to them under the Plan; 2) enforce the present rights existing under the Plan; 3) clarify rights under the terms of the Plan; and 4) recover damages, interest, costs, and attorney's fees.

3. Ms. Thayer challenges the Defendants': 1) unreasonable and unlawful termination of their LTD benefits despite the substantial medical and vocational evidence demonstrating their qualifications for said benefits; 2) pattern of rejecting and/or ignoring the substantial

evidence supporting Ms. Thayer's disability in an effort to limit Defendants' financial exposure for Ms. Thayer's claim; 3) failure to provide Ms. Thayer with a full and fair review of their claim for LTD benefits; 4) failure to provide a reasonable claims procedure that would yield a fair decision on the merits of Ms. Thayer's claim; and 5) failure to provide a reasonable claims procedure that would yield a fair decision in a timely manner on Ms. Thayer's appeal.

## PARTIES

4. Ms. Thayer is a resident of Columbia, South Carolina. Ms. Thayer is a vested participant in their employer-sponsored employee benefit plan, within the meaning of 29 U.S.C. § 1002(2) (7). Ms. Thayer has standing to bring this action under 29 U.S.C. § 1132(a).

5. The Defendant, Reliance, is a for-profit corporation with its principal place of business at 1700 Market Street Philadelphia, Pennsylvania. Reliance is authorized to engage in the business of insurance under the Commonwealth of Massachusetts as a licensed foreign insurance company and actively transacts business in Massachusetts.

6. Young Women's Christian Association of Boston, Inc. is a non-profit corporation with its principal place of business at 140 Clarendon Street, Boston, Massachusetts. The LTD benefit is a fully insured benefit under a policy of insurance issued by Reliance to Young Women's Christian Association of Boston, Inc, contract number #LTD 117506.

7. At all times relevant to the claims asserted in this complaint, Reliance purported to act as an ERISA claims fiduciary with respect to participants of the Plan generally, and specifically with respect to Ms. Thayer, within the meaning of ERISA.

8. The LTD plan under which Ms. Thayer is suing is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1).

2

**STATEMENT OF FACTS**

**<u>Employment and Relevant Plan Terms.</u>**

9.      Ms. Thayer worked as a program manager for Young Women's Christian Association of Boston, Inc.

10.     As an employee of The Young Women's Christian Association of Boston, Inc. Ms. Thayer was eligible for LTD coverage commencing on or about July 11, 2013, Ms. Thayer's date of hire.

11.     Ms. Thayer's last day of work was December 22, 2015.

12.     The Plan contains no provision giving independent and final discretion to Reliance to determine eligibility for benefits or interpret the terms of the Plan.

13.     The Plan provision defining Disability states:

"Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness, during the Elimination Period and thereafter an Insured cannot perform the material duties of his/her Regular Occupation;

14.     The Plan provision defining Regular Occupation states:

"Regular Occupation" means the occupation the Insured is routinely performing when Total Disability begins. We will look at the Insured's occupation as it is normally performed in the national economy, and not the unique duties performed for a specific employer or in a specific locale.

15.     Ms. Thayer meets the standard for total disability under the Plan and is eligible for LTD benefits under the terms of the Plan.

16.     Neither the Plan nor Reliance has any administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) in place to ensure and to verify appropriately consistent decision making.

**Ms. Thayer's Claim for LTD Benefits.**

17. Ms. Thayer was forced to stop working on December 22, 2015, due to the symptoms of their complex medical conditions.

19. Due to their inability to return to work, Ms. Thayer applied for and was approved LTD benefits effective on or about March 22, 2016.

20. From March 2016 through December 30, 2021, Reliance determined that Ms. Thayer remained entitled to LTD benefits.

21. By correspondence dated July 15, 2018, Ms. Thayer was determined to be entitled to Social Security Disability Insurance Benefits effective June 1, 2016.

22. Ms. Thayer's multiple medial conditions include chronic fatigue syndrome, fibromyalgia and myofascial pain syndrome.

23. Ms. Thayer contracted COVID-19 in March 2020.

24. Ms. Thayer developed vestibular symptoms, severe vertigo, and shortness of breath as a result of developing Long Covid.

25. Ms. Thayer continued to suffer from significant pulmonary symptoms and significant fatigue, amongst their other symptoms of Long Covid.

26. In correspondence dated December 30, 2021, Reliance informed Ms. Thayer it was terminating her LTD benefits.

**Ms. Thayer's Appeal and Reliance's Review of Ms. Thayer's Appeal**

27. On September 22, 2022, Ms. Thayer submitted an appeal of Reliance's decision to terminate their benefits.

28. With their appeal, Ms. Thayer submitted updated medical records along with a Functional Capacity Examination ("FCE") report dated May 24, 2022.

4

29. The FCE report concluded that Ms. Thayer does not have the functional capacity to perform the duties of their own or any other occupation.

30. By correspondence dated November 3, 2022, Reliance informed Ms. Thayer that it had not yet made a determination on their appeal but wanted Ms. Thayer to attend an Independent Medical Examination ("IME").

31. In correspondence dated November 4, 2022, Ms. Thayer informed Reliance that under ERISA Regulations it did not have the right to extend time to review the appeal to allow for its request that Ms. Thayer attend an IME.

32. Ms. Thayer did not refuse to attend an IME.

33. In correspondence dated December 9, 2022, Reliance asked for confirmation of Ms. Thayer's address.

34. In correspondence dated December 21, 2022, to Reliance, Ms. Thayer confirmed their address.

35. As of January 23, 2023, Reliance has not yet made a final determination on Ms. Thayer's appeal.

**Summary of Defendants' Review of Ms. Thayer's Claim.**

36. Reliance had 45 days from its receipt of Ms. Thayer's September 22, 2022 appeal to render its decision, or until November 6, 2022, pursuant to 29 C.F.R. § 2560.503-1(i)(3)(i).

37. Reliance confirmed that it received Ms. Thayer's appeal on September 22, 2022.

38. To date—123 days after Ms. Thayer submitted their appeal of Reliance's decision— Reliance has failed to act on Ms. Thayer's claim within the time deadlines required by 29 C.F.R. § 2560.503-1.

39.    Reliance has failed to provide a reasonable claims procedure that would yield a decision on the merits of Ms. Thayer's claim.

40.    Pursuant to 29 C.F.R. § 2560.503-1(l), due to Reliance's failure to act in a timely fashion, Ms. Thayer is deemed to have exhausted their administrative remedies and is entitled to pursue all available remedies under ERISA 502(a) in this Court.

41.    Due to Reliance's failure to establish and follow reasonable claims procedures, and because Reliance never provided a decision on the merits of Ms. Thayer's claim, Ms. Thayer is entitled to de novo review of its termination of their claim.

42.    Ms. Thayer's disability and eligibility for LTD benefits is based on the substantial evidence in Defendants' possession.

43.    Reliance failed to provide Ms. Thayer with a full and fair review of their claim for LTD benefits.

44.    Reliance failed to respond to Ms. Thayer's attempts to engage in a meaningful dialogue regarding the evaluation of their claim.

45.    Due to the unlawful termination of LTD benefits under ERISA, Ms. Thayer has lost their rightful LTD benefits. They have also suffered emotional distress because of the Defendants' actions.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**

46.    Ms. Thayer re-alleges each of the paragraphs above as if fully set forth herein.

47.    The Plan is a contract.

48.    Ms. Thayer has performed all their obligations under the contract.

6

49.    29 U.S.C. § 1132(a) states that:

(a)  A civil action may be brought ---

1.    by a participant or beneficiary –

A.  for the relief provided for in subsection (c) of this section, or

B.  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

50.    The Defendants' actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

51.    The Defendants unlawfully denied Ms. Thayer's benefits in part by denying Ms. Thayer a full and fair review of its decision to terminate their benefits.

52.    In accordance with 29 U.S.C. §1132, Ms. Thayer is entitled to LTD benefits based upon their disability status since December 30, 2021 to the present and continuing until they is no longer disabled.

53.    The Defendants have refused to provide Ms. Thayer with their disability benefits and therefore are in breach of the terms of the Plan and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

54.    As a direct and proximate result of this breach, Ms. Thayer has lost the principal and the use of their rightful disability benefits.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**

55.    Ms. Thayer re-alleges each of the paragraphs above as if fully set forth herein.

56. Under the standards applicable to ERISA, Ms. Thayer deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

57. Defendant Reliance has the ability to satisfy the award.

58. Ms. Thayer's conduct of this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

59. Defendant Reliance has acted in bad faith in terminating Ms. Thayer's disability benefits under the Plan.

60. The award of attorney's fees against the Defendant Reliance will deter others acting under similar circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge, and decree that Ms. Thayer is entitled to disability benefits as calculated under the terms of the Plan;

(2) Award Ms. Thayer disability benefits and interest from the date of the Defendants' breach of contract;

(3) Order that the Defendants make restitution to Ms. Thayer in the amount of all losses sustained by Ms. Thayer as a result of the wrongful conduct alleged herein, together with prejudgment interest;

(4) Award Ms. Thayer the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.

Date:  January 23, 2023                Respectfully submitted for the Plaintiff,


By:        /s/ *M. Katherine Sullivan*
           M. Katherine Sullivan
           BBO No. 649239
           LAW OFFICE OF KATHERINE
           SULLIVAN, LLC
           945 Concord Street
           Framingham, MA 01701
           T: 508-620-5387
           F: 508-834-1172
           E: kate@sullivandisabilitylaw.com

9